UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23679-CIV-ALTONAGA/DAMIAN

**SOLOMON BTESH**,

    Petitioner,

v.

**ISAAC BTESH**,

    Respondent.

_____/

**RESPONDENT ISAAC BTESH'S *AGREED* MOTION
TO SET DEADLINES AND BRIEFING SCHEDULE**

Respondent Isaac Btesh, with the agreement and consent of Petitioner, moves for an Order establishing deadlines and setting a briefing schedule for: (1) Respondent's Motion to Dismiss the Petition to Confirm and Enforce Arbitral Award (ECF No. 1); and, if necessary, (2) Respondent's substantive opposition the Petition to Confirm and Motion to Vacate the Aribtral Award.[1]

**BACKGROUND**

This case is a petition to confirm an international arbitration award. It emanates from a family dispute in Panama about *inter vivos* and *post mortem* distributions of certain assets valued at about $300 million. The assets were under the direct or indirect control of Alberto Btech Hazzan (also known as "Alberto Btesh"), a successful Panamanian banker and father of both the Petitioner and the Respondent, as well as their two sisters. After Alberto's death, the Btesh siblings executed a written agreement governing the distribution of certain assets held or controlled then by a

---

[1] Nothing in this Motion should be construed as a waiver of his Respondent's objections and defenses based on improper service, lack of personal jurisdiction, or any other Rule 12 defenses. Respondent expressly reserves all rights and defenses.

1

Panamanian Private Interest Foundation known as "Fundación Aryisa," whose assets Alberto contributed. That agreement contains an arbitration clause, which required the parties to arbitrate any disputes with a Rabbinical arbitration panel in Panama. That document does not mention Alberto's interests in Multibank, a Panamanian Bank, which he formerly held or indirectly controlled.

Petitioner initiated arbitration proceedings in Panama as provided for in the arbitration agreement ("Panama Arbitration"). In August 2020, at Petitioner's request, Respondent and his sisters were summoned to appear before a religious arbitration tribunal in Panama by the Mediation and Arbitration Committee of the Shevet Ahim Congregation of Panama, the chosen seat of the arbitration.

While the panel and the rules of the Panama Arbitration were being arranged, Petitioner—who lives in Florida—convened a separate rabbinical arbitration panel in Florida ("First Florida Arbitration"). That arbitration panel tried to summon Respondent and his sisters, who refused to attend because of the ongoing Panama Arbitration. Since Petitioner was unable to properly serve his siblings, the First Florida Arbitration concluded with an award of religious excommunication against Respondent for his failure to appear. Petitioner never formally withdrew the Panama Arbitration. He then convened another rabbinical panel in Florida, this time using another newly formed religious tribunal ("Second Florida Arbitration"). In the Second Florida Arbitration, without Respondent's participation, Petitioner secured the $135 million award he now seeks to confirm (ECF No. 1-1).

On September 27, 2023, Petitioner filed his Petition to Confirm that award, asserting subject matter jurisdiction under the Federal Arbitration Act ("FAA") and the Inter-American Convention on International Commercial Arbitration, 9 U.S.C. § 301, *et seq.* (ECF No. 1). On

October 19, the Court issued an order directing Petitioner to perfect service by December 26 (ECF No. 7). Later that day, Petitioner filed a return of service (ECF No. 8). Petitioner is a resident of Florida. Respondent is a resident of Panama. Despite that, Petitioner claims that he served the Summons and Petition on Sanford Reinhard on October 10 in Weston, Florida (ECF No. 8). Reinhard is a real-estate attorney who is not authorized to accept service on Respondent's behalf. Petitioner has not filed a return of service asserting that he served Respondent personally.

## ARGUMENT

Respondent intends to respond to the Petition to Confirm in two ways. First, Respondent will move to dismiss the Petition under Federal Rule of Civil Procedure 12. Respondent expects the dismissal grounds to include, at least, the following:

(1) **lack of personal jurisdiction**—because Respondent lives in Panama and does not have sufficient contacts with Florida to hale him into court here;

(2) **improper venue**—because the arbitration clause between the parties provided for arbitration in Panama, and in fact Petitioner had invoked an arbitration proceeding there; and

(3) **insufficient service of process**—because Petitioner served process on an individual who is not related to Respondent is not authorized to accept service on his behalf.

Second, if this Court does not dismiss the petition, Respondent intends to respond to the substantive aspects of the petition and separately move to vacate the award. To the extent that the 21-day deadline of Rule 12 applies to a petition to confirm an arbitral award, Respondent's responsive pleading is currently due October 31, 2023. As explained below, Respondent requests that the deadline for his Rule 12 motion be extended to **November 15, 2023**. Respondent further requests that briefing on the merits, if needed, follow resolution of the motion to dismiss.

This approach would resolve the Motion to Dismiss arguments before briefing on the substantive arguments related to the arbitration award. This would also maximize judicial economy and preserve party resources by allowing the Court to resolve potentially dispositive Rule 12 issues before the parties engage in extensive briefing and argument on the merits, which may involve complex issues of international arbitration law. The proposed Motion to Dismiss briefing schedule and extension are also necessary because Respondent's counsel needs time to prepare proper briefing and obtain the necessary affidavits in this complex matter, which involves an award of $135 million, the law of multiple jurisdictions, and multiple languages.

Respondent has conferred with counsel for Petitioner, who agrees with this approach. Petitioner's counsel has agreed to the following deadlines for the briefing of Respondent's Motion to Dismiss:

| Brief | Deadline |
| --- | --- |
| Respondent's Motion to Dismiss | November 15, 2023 |
| Petitioner's Response to the Motion to Dismiss | December 11, 2023 |
| Respondent's Reply in Support of Motion to Dismiss | December 22, 2023 |

Respondent believes the Court will resolve this case at the motion-to-dismiss stage. But if the Court does not dismiss the case with prejudice, then the Court should enter a briefing schedule for merits briefs that aligns the deadlines for Respondent's opposition to confirmation with deadlines for Respondent's motion to vacate the award. The parties agree that Respondent's brief in opposition to confirmation and its motion to vacate should be due 21 days after a denial of Respondent's motion to dismiss. The parties do not anticipate any discovery will be necessary.

This approach conforms with Eleventh Circuit precedent. When a Petitioner moves to confirm an award before a Respondent moves to vacate, "the best practice is for a district court to

4

issue an order that sets simultaneous deadlines for a losing party to file an opposition to the motion to confirm, if any, and to file a separate motion to vacate, modify, or correct, if any." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1239 (11th Cir. 2021).  Thus, if the Court denies the motion to dismiss, the Court should at that time set a simultaneous briefing schedule for Respondent's opposition to the Motion to Confirm and his Motion to Vacate.  *See id.* at 1243 ("Again, we encourage district courts faced with motions to confirm to set simultaneous deadlines for the arbitration's losing party to file an opposition to the motion to confirm, if any, and to file a separate motion to vacate, modify, or correct, if any.").

## CONCLUSION

For these reasons, Respondent Isaac Btesh asks the Court to enter the deadlines and briefing schedule set forth above.  A proposed order granting the Motion is attached as **Exhibit 1**.

## RULE 7.1(a)(3) CERTIFICATION

The undersigned counsel certifies that on October 24, 2023, he conferred with Petitioner's counsel, Carlos Concepcion, in a good-faith effort to resolve the issues raised in this motion. Petitioner kindly confirmed his agreement to the relief requested in this Motion.

*s/ Raoul G. Cantero*
Raoul G. Cantero

AMERICAS 125416348

Dated: October 26, 2023

Respectfully Submitted,

**WHITE & CASE LLP**

*s/ Raoul G. Cantero*
Raoul G. Cantero
Florida Bar No. 552356
James N. Robinson
Florida Bar No. 608858
Zachary B. Dickens
Florida Bar No. 98935
W. Dylan Fay
Florida Bar No. 125673

Southeast Financial Center
200 South Biscayne Blvd. Ste. 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: jrobinson@whitecase.com
Email: rcantero@whitecase.com
Email: zdickens@whitecase.com
Email: wfay@whitecase.com

*Counsel for Respondent Isaac Btesh*

AMERICAS 125416348