UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23679-CIV-ALTONAGA/Damian

**SALOMON BTESH**,

    Petitioner,

v.

**ISAAC BTESH**,

    Respondent.

_____/

# JOINT SCHEDULING REPORT

Petitioner Salomon Btesh and Respondent Isaac Btesh, pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1(b), and the Court's Order (ECF No. 9), submit this Joint Scheduling Report.[1]

**1. Conferral**

The parties conferred over the phone on November 6, 2023 to discuss the contents of this report.

**2. Recommended Case Management Track**

Given the posture of the Petition to Confirm, the parties believe this case be is best suited for an expedited track, as described in Local Rule 16.1(a). However, the parties note that the Court already has entered a briefing order that sets out the upcoming schedule. *See* ECF No. 15. As this

---

[1] The parties believe this case, which seeks to confirm an international arbitration award and will not involve a trial, is exempt from the requirement under the Local Rules to submit a Joint Scheduling Report, because this action is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(ix). *See* Local Rule 16.1(b)(5). The parties submit this Joint Scheduling Report in compliance with the Court's October 19, 2023 Order (ECF No. 9).

AMERICAS 125538914

matter is a confirmation of an international arbitration award, no trial will be necessary and the issues will be resolved by motion practice.

3. **Likelihood of Settlement**

The parties do not anticipate settlement of the issues raised in the Petition to Confirm.

4. **Likelihood of Appearance in the Action of Different Parties**

The parties do not anticipate the appearance of other parties at this time.

5. **Proposed Time Limits / Discovery Schedule**

The parties agree to abide by the time limits in this Court's briefing order, which states that the Respondent's grounds for dismissal under Rule 12(b) will be briefed and resolved before substantive briefing on the Petition to Confirm and any Motion to Vacate. *See* ECF No. 15. The briefing schedule in this case most closely aligns with the expedited track.

The parties propose a deadline of December 6, 2023 to join other parties and to amend the pleadings.

The parties do not agree on the parameters of jurisdictional discovery.

**Petitioner's Position.**

Petitioner anticipates that Respondent's Motion to Dismiss on personal jurisdiction and service of process will be coupled with affidavits from Respondent and perhaps others. To date, Respondent has not shared whether it will include affidavits in its Motion to Dismiss. Without the benefit of the evidence Respondent intends to provide with his Motion to Dismiss, Petitioner expects that it is possible that he will seek jurisdictional discovery to respond to the Motion to Dismiss of 90 to 120 days.

With respect to discovery regarding the Petition, Petitioner believes that that discovery could be done co-existent with the discovery on personal jurisdiction and service of process in order to expedite these proceedings. While the Court held that the briefing should be bifurcated, it did not order a stay of discovery as Respondent contends.

**Respondent's Position.** It is Respondent's position that the length of time it will take to conduct jurisdictional discovery is only necessary to discuss *if*—after declarations or affidavits have been filed—the Court grants a timely motion for discovery on jurisdictional issues. If that happens, Respondent expects that jurisdictional discovery could be completed within 90 days.

If the Court denies Respondent's Motion to Dismiss, Respondent intends to seek discovery relating to potential grounds for opposing the Petition to Confirm and moving to vacate the award. Respondent anticipates that it will take 90 days to complete such discovery. Respondent also believes that 90-day period should run from the date of an order denying Respondent's Motion to Dismiss.

6.   **Simplification of Issues**
     **Petitioner's Position**.

Petitioner's position is that if the Court grants Respondent's Motion to Dismiss on personal jurisdiction (or service of process), and Respondent thereafter files a Petition to Vacate the Arbitration Award, Respondent would thereby voluntarily submit himself to the Court's jurisdiction. Under these circumstances, Petitioner would then be entitled to file either a counterclaim or a renewed Petition to Confirm the Arbitration Award. Accordingly, it is Petitioner's position that this Court should schedule a separate briefing schedule focused on the narrow issue of whether a non-resident Respondent who files a Petition to Vacate an Arbitration Award subjects himself to the personal jurisdiction of the Court for purposes of a Petition to

Confirm the Award. In that briefing, Petitioner would ask the Respondent to confirm that he will *not* seek to vacate the Award if he prevails on the Motion to Dismiss. It is Petitioner's position that this alternative briefing schedule, focused on these narrow issues, would conserve judicial resources and parties' time.

### Respondent's Position

Respondent's position is that he has already proposed to simplify issues in his motion for a scheduling order (ECF No. 15). That motion asked the Court to schedule briefing on Respondent's Rule 12(b) arguments first, and then, if necessary, briefing on the merits of the Petition to Confirm (together with a motion to vacate). This Court granted that motion in part and issued a briefing schedule. Briefing on the merits of the Petition to Confirm and the motion to vacate (if necessary) will take the place of summary judgment briefing.

Respondent disagrees with Petitioner's position (stated above) expressing his legal opinion on whether Respondent has waived or will waive certain arguments and disagrees that such legal argument is appropriate in this joint scheduling report. Respondent also disagrees with Petitioners' position that the Court should schedule a "separate briefing schedule focused on the narrow issue of whether a non-resident Respondent who files a Petition to Vacate an Arbitration Award subjects himself to the personal jurisdiction of the Court for purposes of a Petition to Confirm the Award." Any such briefing is unnecessary unless and until Respondent does file a petition to vacate. And if Petitioner seeks a briefing schedule on a particular issue, that request should be made through motion and not in this joint scheduling report.

7. **Necessity or Desirability of Amendments to Pleadings**

The parties do not anticipate a need to amend the Petition to Confirm. Respondent plans to file an opposition to the Petition to Confirm and a motion to vacate if his Motion to Dismiss is denied.

8. **The Possibility of Obtaining Admissions of Fact, Etc.**

The parties will work together to agree on such stipulations as will assist the Court in deciding the issues presented by the motions, if such stipulations are necessary.

9. **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence**

The parties will work together to avoid the submission of unnecessary evidence.

10. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge**

The parties suggest the Court refer any discovery disputes to a magistrate judge but the parties do not stipulate to magistrate jurisdiction to preserve their right for review by this Court. The parties anticipate there will be few discovery-related issues in this case.

11. **Estimate of Time Required for Trial**

Because this is a petition to confirm an international arbitration award, the parties do not anticipate a trial will be necessary in this case.

12. **Issues Regarding Discovery/Privilege (Local Rule 16.1(b)(2)(K))**

At this time, there are no issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things.

13. **Proposed Scheduling Order**

In accordance with Local Rule 16.1(b)(3), parties have attached as **Exhibit 1** a proposed Scheduling Order.

Dated: November 13, 2023

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| **WHITE & CASE LLP** | **CONCEPCION GLOBAL PLLC** |
| *s/ Raoul G. Cantero* | *s/ Carlos F. Concepcion* |
| Raoul G. Cantero | Carlos F. Concepcion |
| Florida Bar No. 552356 | Florida Bar No. 386730 |
| James N. Robinson | |
| Florida Bar No. 608858 | Citigroup Center |
| Zachary B. Dickens | 201 S. Biscayne Blvd., Ste. 2800 |
| Florida Bar No. 98935 | Miami, FL 33131 |
| W. Dylan Fay | Telephone: (305) 444-6669 |
| Florida Bar No. 125673 | Email: cconcepcion@cfclaw.com |
| Southeast Financial Center | **REED SMITH LLP** |
| 200 South Biscayne Blvd. Ste. 4900 | |
| Miami, FL 33131-2352 | *s/ Edward M. Mullins* |
| Telephone: (305) 371-2700 | Edward M. Mullins |
| Facsimile: (305) 358-5744 | Florida Bar No. 863920 |
| Email: jrobinson@whitecase.com | |
| Email: rcantero@whitecase.com | Southeast Financial Center |
| Email: zdickens@whitecase.com | 200 S. Biscayne Blvd., Ste. 2600 |
| Email: wfay@whitecase.com | Miami, FL 33131 |
| | Telephone: (786) 747-0203 |
| *Counsel for Respondent Isaac Btesh* | Email: emullins@reedsmith.com |
| | *Counsel for Petitioner Salomon Btesh* |