UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23679-CIV-ALTONAGA/Damian

**SOLOMON BTESH**,

      Petitioner,
v.

**ISAAC BTESH**,

      Respondent.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Respondent Isaac Btesh's Motion to Dismiss [ECF No. 25]. This Order addresses only that portion of the Motion seeking dismissal due to insufficiency of service of process, as the Court bifurcated briefing of the issues raised in the Motion for reasons previously explained. (*See* November 16, 2023 Order [ECF No. 26]). Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss **[ECF No. 25]** is **DENIED** in part, for the following reasons.

First, the request for dismissal based on insufficiency of service of process has been rendered moot, for during the parties' briefing and even after Respondent filed his Reply [ECF No. 31], Petitioner sought to remedy defects in service[1] and has indicated service by another means has been accomplished. (*See* [ECF Nos. 27, 28, 30, 32]). Should Respondent consider this new service defective, which it appears he may (*see* Reply 5–6), Respondent shall confer with counsel

---

[1] The Court sees no need to address the several arguments Petitioner advances as to why the challenged service of process complies with a Panama Agreement or the Arbitration's Rules and Procedures. (*See* Resp. [ECF No. 29] 3–9).

for Petitioner, as is required by Local Rule 7.1(a)(3), before filing a motion to quash service of process.

Second, dismissal is the improper remedy for defective service, as Petitioner correctly points out. (*See* Resp. 9–10).[2] Where the deadline to effectuate service has not passed, as here (*see* Oct. 18, 2023 Order [ECF No. 7]); there is no indication that service cannot be perfected; and Respondent has not shown he is prejudiced, the proper remedy is to quash defective service and allow Petitioner the opportunity to properly serve Respondent. *See, e.g.*, *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, No. 20-cv-24681, 2021 WL 3733117, at * 5 (S.D. Fla. Aug. 23, 2021) (citing cases); Fed. R. Civ. P. 12(b)(5).

The Motion to Dismiss is denied without prejudice to the extent it seeks dismissal for lack of personal jurisdiction over Respondent, under Federal Rule of Civil Procedure 12(b)(2). Respondent has until **December 1, 2023** to advise whether he will be seeking to quash service of process again, following the required conferral. If so, his motion, **due within 14 days of November 20, 2023** (*see* [ECF No. 32]), shall be limited to addressing that issue. Once the matter of service is resolved, the Court will advise the parties how much time is allowed for jurisdictional discovery, following which Respondent may renew his challenge to personal jurisdiction.

**DONE AND ORDERED** in Miami, Florida, this 27th day of November, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[2] The Court asks Petitioner to use citations to Westlaw rather than Lexis, as the Court does not use Lexis. Alternatively, Petitioner is to supply copies of all cases lacking Westlaw citations with his written briefs.