# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 23- 23679-CIV-ALTONAGA/Damian**

**SALOMON BTESH**,

Petitioner,

vs.

**ISAAC BTESH**,

Respondent.
________________________________________/

**PETITIONER SALOMON BTESH'S FIRST SET OF INTERROGATORIES TO RESPONDENT ISAAC BTESH**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1(e), Petitioner Salomon Btesh ("**Salomon**") serves his First Set of Interrogatories upon Respondent Isaac Btesh ("**Isaac**"). Responses to these Interrogatories are due within 30 days of service.

## DEFINITIONS

1. "You" or "Your" or "Respondent" means Isaac Btesh, including all of Isaac Btesh's employees, agents, representatives, and other persons, entities, or firms acting on his behalf.

2. "Petitioner" or "Salomon" means Salomon Btesh.

3. "Action" means the instant lawsuit, *Btesh v. Btesh*, currently pending before the United States District Court for the Southern District of Florida, filed under Case No. 23-23679.

4. "Assets" means any useful or valuable thing, including, without limitation, property, real property, ownership interests, shares, bank accounts, securities accounts, receivables, futures, stocks, bonds, vehicles, jewelry, artwork, gold, silver, buildings, machinery, equipment, and cash.

5. "Panama Agreement" means the financial agreement that the Parties Salomon Btesh and Isaac Btesh entered into in Panama on January 22, 2020. ECF No. 1-1 at 21-24.

6. "Arbitration Proceeding" means the proceeding conducted before the Beis Din of Florida in Sunny Isles Beach, FL. ECF No. 1-1.

7. "Final Award" means the $134,950,000.00 award rendered by the Beis Dein of Florida on September 8, 2023 in the Arbitration. ECF No. 1-1 at 1-16.

8. "Aryisa Foundation" means the Fundación Aryisa SA.

9. "Joyvom Foundation" means the Fundación Joyvom SA.

10. "Multibank shares" means any actual or potential ownership interest in Multibank, Inc. or Multi Financial Group Inc.

11. "Related Entity" means any entity in which you are an officer, director, member, or functional equivalent thereof, or own a controlling interest, or have been granted management authority or control via a contract, decree, or other instrument.

12. The singular of any word or phrase shall include the plural, and the plural shall include the singular.

13. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

14. The term "each" means each and every.

15. The term "any" means any and all.

16. The term "including" means "including, without limitation."

17. "Relating to" or "relate to" shall mean, without limitation, constituting, discussing, pertaining, evidencing, covering, containing, concerning, describing, embodying, mentioning, negating, supporting, corroborating, demonstrating, proving, showing, disputing, rebutting, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

18. "Communications" refers to any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including text messages, WhatsApp messages, messages through social media platforms, messages through online applications, emails, phone conversations, and any other electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

## INSTRUCTIONS

1. These Interrogatories are directed to Respondent Isaac Btesh.

2. In answering these Interrogatories, Respondent Isaac Btesh is directed to furnish such information as is available to him however obtained, including hearsay and information known by or in the possession of Respondent's agents, representatives, and attorneys.

3. If any interrogatory cannot be answered in full after exercising due diligence to secure the information, please answer to the extent possible, specifying Respondent Isaac Btesh's inability to answer the remainder and stating whatever information and knowledge Respondent Isaac Btesh has concerning the unanswered portion and detailing what Respondent Isaac Btesh did in attempting to secure the unknown information.

4. Unless otherwise specified in the individual interrogatory, the relevant time period for each interrogatory **is five years ago to the present**.

## INTERROGATORIES

1. Identify how and when you first became aware of the Arbitration and the Final Award, whether you took any actions in response, and what those actions were.

**RESPONSE:**

2. Identify all persons with whom you communicated about the Arbitration and/or the Final Award prior to the filing of this Action, whether you communicated with such person or entity regarding any obligation to take any action in response to the Arbitration and/or the Final Award. Identify what each person or entity said about the Arbitration, Final Award, and any obligation to act in response.

**RESPONSE:**

3. Identify each time you have been in the United States, including when you were in the United States, how long you were in the United States, where you went, the purpose(s) of your visit, and whether you conducted any business during your visit.

**RESPONSE:**

4. Identify all Assets in the United States that you or any Related Entities own or owned in whole or in part or in which you or any Related Entities have or had any ownership interest.

**RESPONSE:**

5. Identify all bank, brokerage, and securities accounts you hold or have an ownership interest to in the United States.

**RESPONSE:**

6. Identify all real property you own or owned in the United States.

**RESPONSE:**

7. State whether, when, and how you first became aware that Salomon lives in Florida.

**RESPONSE:**

8. Identify the services Sanford Reinhard has performed or has been authorized to perform for you or any Related Entity.

**RESPONSE:**

9. Identify the purposes of transferring ownership of the property located at 20201 E. Country Club Drive, Unit #310 to NMB Aventura Realty, Inc., as opposed to keeping it in your name or that of your spouse?

**RESPONSE:**

10. List all the cases in which you or a Related Entity has sued or has been sued in the United States, including arbitration, for the last twenty years.

**RESPONSE:**

Dated: January 4, 2024

Respectfully submitted,

**CONCEPCION GLOBAL PLLC**

**REED SMITH LLP**

*/s/ Carlos F. Concepcion*
Carlos F. Concepcion
Florida Bar No. 386730
cfconcepcion@concepcionlaw.com
201 S. Biscayne Blvd., Ste. 2800
Miami, FL 33131
Tel.: +1 305 444 6669
*Attorney for Petitioner*

*/s/Edward M. Mullins*
Edward M. Mullins
Florida Bar No. 863920
emullins@reedsmith.com
Daniel Alvarez Sox
Florida Bar No. 108573
dsox@reedsmith.com
200 South Biscayne Blvd.
Suite 2600
Miami, FL 33131
Tel.: +1 786 747 0203
Fax: +1 786 747 0299
*Attorneys for Petitioner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on January 4, 2024, on all counsel or parties of record on the service list.

*Edward M. Mullins*
Edward M. Mullins